IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| EDWARD D. IOLI TRUST AND GENERAL TRAFFIC CONTROLS, INC., | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 2:10-cv-00605-DF |
| v. | § § | JURY TRIAL DEMANDED |
| AVIGILON CORPORATION, et al. | § § | |
| *Defendants*. | § | |

**AGREED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court issues this Protective Order to facilitate document disclosure and other discovery under the Local Rules of this Court and the Federal Rules of Civil Procedure.

In support of this Order, the Court finds that:

(1)     Documents or information containing confidential proprietary and business information and/or trade secrets ("Protected Material") that bear on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

(2)     The parties to this litigation assert that dissemination and disclosure of Protected Material to the public or persons not authorized by the agreed terms of this Protective Order could severely injure or damage the party disclosing or producing the Protected Material and could place that party at a competitive disadvantage; and

(3)     To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue.

1.      **DEFINITIONS**

(a)  "Discovery Material" means all items or information, including from a non-party, regardless of the medium or manner generated, stored, or maintained (including testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this matter, including documents, deposition testimony or discovery responses.

(b)  "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) partners, associates, employees, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, and legal clerks, or (iii) independent attorneys contracted to assist outside counsel in connection with this action, including any subsequent appeals from decisions entered in this action.  Outside Counsel does not include attorneys who are employees of a Party.

(c)  "Party" means any party to this action, including its officers, directors, employees, and consultants.

(d)  "Patents-in-suit" means U.S. Patent Nos. 7,382,277 and 7,791,501.

(e)  "Producing Party" means any Party or other third-party entity that discloses or produces Discovery Material in this action.

(f)  "Protected Material" means Discovery Material that is designated as "Confidential," "Confidential – Attorneys' Eyes Only," or "Confidential – Outside Attorneys' Eyes Only – Source Code," as provided in this Order.  Protected Material shall not include (a) advertising materials that have been published to the general public or otherwise in the public domain, (b) materials that on their face show that they have been published to the general public or otherwise in the public domain, (c) information that after disclosure to a Receiving Party becomes part of

the public domain as a result of publication not involving a violation of this Order or any violation of law, (d) information that a Receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party, or (e) information that a Receiving Party can show was independently developed after the time of its disclosure by personnel who have not had access to the information designated by a Producing Party under this Order, or (f) information that has been submitted to any governmental entity without request for confidential treatment and is publicly available by that governmental entity or other public source.

(g)  "Receiving Party" means any Party receiving Discovery Material from a Producing Party.

(h)  "Source Code" means computer instructions, data structures, and data definitions expressed in a form suitable for input to an assembler, compiler, translator, or other data processing module that the Producing Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would harm the Producing Party, and which the Producing Party would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence.  Source Code may include graphical and design elements and may be included in structured files in formats including, but not limited to, HTML, XML, XSL, and SGML.

## 2.   DESIGNATING DISCOVERY MATERIAL AS PROTECTED MATERIAL

(a)   <u>Confidentiality Designation Categories</u>.   Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:   (1) "CONFIDENTIAL;" (2)

"CONFIDENTIAL – ATTORNEYS' EYES ONLY"; and  (3) "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE.

(b)   Confidential Designation.   A Producing Party may designate Discovery Material "CONFIDENTIAL" if the Producing Party has a good faith belief that the Discovery Material constitutes or contains confidential technical, research, development, sales, marketing, financial, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party.

(c)   Confidential – Attorneys' Eyes Only Designation.   A Producing Party may designate Discovery Material "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the Producing Party has a good faith belief that the Discovery Material constitutes or contains proprietary financial or technical data, commercially sensitive competitive information or trade secrets, including, but not limited to: nonpublic technical information, including schematic diagrams, technical reference manuals, and operations manuals, damages-related information (*e.g.*, sale volumes, revenues, profitability), licenses and licensing documentation, strategic plans; and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

(d)   Confidential – Outside Attorneys' Eyes Only – Source Code.   A Producing Party may designate Discovery Material "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if the Producing Party has a good faith belief that the Discovery Material is in the form of computer Source Code that the Producing Party believes in good faith is so commercially sensitive or confidential that the disclosure to another Party, even under the restricted terms and conditions applicable to material designated "Confidential – Attorneys' Eyes Only " would not provide adequate protection to the interest of the Producing Party.   A

Producing Party also may designate Discovery Material "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if the Producing Party has a good faith belief that the Discovery Material describes computer Source Code or its functionality in such detail that the Producing Party believes in good faith that the Discovery Material is so commercially sensitive or confidential that the disclosure to another Party, even under the restricted terms and conditions applicable to material designated "Confidential – Attorneys' Eyes Only " would not provide adequate protection to the interest of the Producing Party.

(e)   <u>Designating Written Discovery and Documents and Tangible Things</u>.   Written discovery, documents, and tangible things that meet the requirements for the confidentiality designations set forth in this Order may be so designated by placing the appropriate designation on at least the cover page of the written material prior to production, except for documents produced in native format which shall have the appropriate designation affixed on the face of the media containing such native format documentation.   In addition to the foregoing, to the extent that documents are produced in electronic form, the addition of a confidentiality designation in the file name shall be sufficient to provide notice of said confidentiality and additional written notice is unnecessary in this situation.   Other tangible things not produced in documentary form may be designated by affixing the appropriate designation on a cover page for such material and in a prominent place on the exterior of the container or containers in which the information or things are stored.

(f)   <u>Designating Depositions and Testimony</u>.   Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice that the testimony is designated within ten (10) days of receipt of the transcript of the testimony.   All information

disclosed during a deposition shall be deemed CONFIDENTIAL – ATTORNEYS' EYES ONLY until the time within which it may be appropriately designated as provided for herein has passed, with the exception of any portion of a deposition previously designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," which shall be treated accordingly.

(1)     Each Party shall use its best efforts to attach a copy of such written notice or notices to the face of each transcript of a deposition so designated that is within the Party's possession, custody or control.

(2)     Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material.  In such cases, the court reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Protective Order.

(3)     In the event the deposition is videotaped or recorded by other video means, the original and all copies of the videotape or other video media shall be marked by the video technician to indicate that the contents of the videotape or other video media are subject to this Order, (*e.g.*, by including a label on the videotape or other video media which contains the appropriate confidentiality designation).

(4)     Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the questioning counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.

Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(g)   <u>Designating Information Not Reduced to Any Physical Form</u>.  For information not reduced to any documentary, tangible, or physical form, or which cannot be conveniently designated as set forth above, the Producing Party must inform the Receiving Party of the designation of such information in writing.

(h)   <u>Designating Discovery Material Made Available for Inspection</u>.  If a Producing Party makes Discovery Material available to another Party by allowing access to the Discovery Material for inspection instead of delivering a copy of the material to a Party, the Producing Party may make a temporary designation of all items being inspected as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if the Producing Party believes in good faith that the Discovery Material made available for inspection may constitute or contain confidential information and is entitled to the level of confidentiality designated.  The Producing Party shall inform the Party seeking the inspection in writing in advance of the inspection that Discovery Material made available for inspection shall be treated under the appropriate designation pursuant to this Protective Order.   If the Producing Party later produces any temporarily-designated Discovery Material, the Producing Party shall re-designate the material in accordance with terms of this Protective Order, for example, by placing the appropriate legend on any documents during the copying process.

(i)   <u>Derivative Materials</u>.  The protections conferred by this Protective Order cover not only Discovery Material governed by this Protective Order, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, as well

as testimony, conversations, or presentations by parties or their counsel in Court or in other settings that might reveal Protected Material.

### 3.        CHALLENGING CONFIDENTIALITY DESIGNATIONS

(a)   <u>No Duty to Challenge Designations Immediately</u>.   A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)   <u>Procedure for Challenging Designations</u>.   Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be designated differently, and shall identify the grounds for the objection with particularity.   Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)   The objecting Party shall have the burden of conferring in compliance with the Court's local rules, either in person or by telephone, with the Producing Party (as well as any other Party who expresses an interest in maintaining the designation) in a good faith effort to resolve the dispute.   The Producing Party shall have the burden of justifying the disputed designation;

(ii)   If the parties cannot resolve the dispute over the designation, the objecting Party shall file a motion with the Court seeking a ruling that the Discovery Material in question is entitled to the protection conferred by the Producing Party's designation. The Parties' stipulation to this Protective Order shall not preclude any Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that

would otherwise apply to a dispute over protection of information disclosed in connection with discovery or disclosure of information.

(c)     <u>Continued Confidentiality Treatment Pending Disposition of Challenge</u>. Notwithstanding any challenge to a confidentiality designation of Discovery Material, the material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the Producing Party that designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

**4.     RESTRICTIONS ON DISCLOSURE OF PROTECTED MATERIAL**

(a)     <u>Disclosure of Material Designated "Confidential."</u>   A Party may disclose Discovery Material designated as "CONFIDENTIAL" only to the following:

(i)     The Receiving Party's Outside Counsel;

(ii)     Subject to section (e) of this paragraph, up to two in-house counsel for the Receiving Party (including in-house counsel for any parent companies of the Receiving Party), and any personnel assisting such in-house counsel in the performance of their duties, with responsibility for managing this litigation, to whom disclosure is reasonably necessary for this litigation.

(iii)     Any expert or consultant retained by a Receiving Party who is not a current employee of the Receiving Party or an affiliate of the Receiving Party, and any personnel assisting the expert or consultant in this lawsuit, provided that such disclosure is only to the extent necessary to perform such work, and further provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this

Order, and (b) there are no unresolved objections to such disclosure existing after proper notice has been given to all parties as set forth in this Protective Order;

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action, to whom disclosure is reasonably necessary for this litigation;

(v)    The Court, jury, and Court personnel (under seal or with other suitable precautions determined by the Court);

(vi)    Personnel employed by anyone providing a Party with document litigation support, graphics, translation, design, and/or trial consulting services to whom disclosure is reasonably necessary for this litigation, provided that each such person, including their staff, has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order;

(vii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(viii)    Mock jurors who have signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms and conditions of this Order (said signed acknowledgement for mock jurors need not be provided to counsel for any other Party);

(ix)    Up to four representatives of a Party who shall be designated in writing by the Party, subject to any other Party's right to object to the disclosure within 10 days of such notice, provided that each such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order.

(x)    Any other person with the prior written consent of the Producing Party specifying that said person may have access to material designated "Confidential."

(b)    Disclosure of Material Designated "Confidential – Attorneys' Eyes Only."    A Party may disclose Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the following:

(i)    all persons allowed access to Discovery Material designated as "CONFIDENTIAL" as set forth in section (a) above pursuant to the same terms and conditions, with the exception of those persons described in subsections (viii), (ix), and (x) of section (a) above, and the persons described in subsection (ii) who are involved in competitive decision-making.

(ii)    any other person with the prior written consent of the Producing Party specifying that said person may have access to material designated as "Confidential – Attorneys' Eyes Only," and

(iii)    no more than two (2) directors, officers and/or employees of a Receiving Party, provided that each such person has the need to know such information for purposes of the prosecution or defense of this action, provided that each such person, including their staff, has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order.  At least eleven (11) days before any Protected Material is disclosed to each such person, the Receiving Party shall provide written notice to the other Parties of the intended designation pursuant to this section, subject to any other Party's right to object to the disclosure, and with the proviso that, if an objection is stated to such disclosure within ten (10) days of such notice, no such disclosure will be made absent prior Court approval or written agreement by the objecting Party.

(c)       Disclosure of Material Designated "Confidential – Outside Attorneys' Eyes Only – Source Code."  A Party may disclose Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" only to the following:

(i)       No more than four (4) experts or consultants and any personnel assisting the expert or consultant in this lawsuit referenced in 4(a)(iii) above, and the Receiving Party's Outside Counsel referenced in 4(a)(i) above.  To the extent the Receiving Party seeks to have additional experts or consultants obtain access to a particular Producing Party's Source Code, the Parties shall meet and confer in good faith and consent to such additional access shall not be unreasonably withheld;

(ii)      those persons described in subsections (i), and (iv)-(vi) of section (a) above.

(d)       Disclosure of Protected Material of One Defendant to Another Defendant.  Except as required by law, no Defendant is required to produce its Protected Material to any other Defendant, but nothing in this Order shall preclude such production.

(e)       Restrictions on Disclosure Among Defendants.  Notwithstanding any provision in section (a) of this paragraph, Discovery Material designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" by a Defendant Producing Party may not be disclosed to the in-house counsel or business representatives of any Defendant Receiving Party (including in-house counsel for any affiliates of that Defendant Receiving Party) without written consent of the Defendant Producing Party.

(f)       Disclosure to Authors or Lawful Recipients of Protected Material.  This Protective Order does not preclude a Party from disclosing any Protected Material to any person

12

who has lawfully received, authored or seen the Protected Material, including using the Protected Material to examine a witness at trial, a hearing or during a deposition concerning any Protected Material.  Also, nothing in this Protective Order shall preclude any Party from (i) disclosing Protected Material to a current officer, director or employee of the Producing Party; or (ii) disclosing or using, in any manner or for any purpose, any Protected Material from the Party's own files.

(g)     Providing Advice to Clients.  Nothing in this Protective Order shall preclude any attorney from providing to their clients an evaluation of any Protected Material produced or exchanged in this litigation, provided, however, that, in rendering such advice and otherwise communicating with their client, Outside Counsel shall not disclose the specific contents of any Protected Material produced by another Party if such a disclosure would be contrary to the terms of this Protective Order.

5.     DISCLOSURE AND REVIEW OF SOURCE CODE

Any Source Code that a Producing Party produces shall be produced or made available to persons authorized to have access to Source Code pursuant to this Section 5, unless otherwise mutually agreed to by the Parties.

(a)     A Producing Party may produce Source Code in native format to Outside Counsel for the Receiving Party, who shall maintain and store such Source Code at Outside Counsel's offices in a manner that prevents unauthorized access to the Source Code, including, without limitation, the following minimum safeguards:

(i)     Any external media (*e.g.*, hard drives, DVDs) containing Source Code must be conspicuously marked "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY– SOURCE CODE."  The external media must only be accessed on a standalone computer and

must be disconnected from and/or removed from the standalone computer and stored in a locked safe or cabinet when it is not actually being used to view the Source Code contained therein;

(ii)     The standalone computer and the safe or storage cabinet must be kept in a locked and secure room with access to such room permitted only via a key (or card) system;

(iii)    The standalone computer and/or external media used to store the Source Code shall be password protected.

(iv)    No electronic copies of Source Code, other than volatile copies necessarily made in the course of loading and accessing the Source Code on the standalone computer, shall be made.

(v)     No hard copies of Source Code shall be made, except solely in connection with the preparation of exhibits for expert reports or pleadings.  Any such copies of the portions of the Source Code shall be conspicuously marked "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," and any reports, pleadings or other materials incorporating, attaching or otherwise referencing the same filed with the Court, shall be filed under seal.

(vi)    If Outside Counsel for the Receiving Party desires to store and access hard copies or electronic copies of Source Code in a secure facility at a location other than its own offices as required in sub-paragraphs (a) and (b) of this Section, such counsel shall propose in writing to Outside Counsel for the Producing Party the precise location of the alternative proposed secure facility.  Source Code shall not be located in such new facility unless and until approved in writing by Outside Counsel for the Producing Party, which approval shall not be unreasonably withheld.

(b)     Alternative Production of Source Code at Third Party Secure Facility or Dallas Defense Counsel's Office.

(i)     Alternatively, a Producing Party may make any Source Code produced in this case available in a native format on "standalone" computers (that is, not connected to a network, Internet or peripheral device except that the stand-alone computers will be connected to a printer or printers) at a secure third party facility located in the Dallas, Texas metropolitan area (the "Secure Facility") or at the office of counsel for one or more of the Defendants ("Dallas defense counsel").  In the event a Producing Party elects to produce Source Code at a Secure Facility, the parties agree to meet and confer in good faith to select the Secure Facility to be used for the production of Source Code.

(ii)     Regardless of which alternative a Producing Party chooses pursuant to this subsection, if any, the Producing Party's Source Code shall be available for inspection by a Receiving Party during regular business hours for a nine hour period between 9:00 a.m. and 6:00 p.m. as long as it provides written notice 24 hours in advance.  A Receiving Party may request access to Source Code, as long as the Receiving Party provides written notice 48 hours in advance, on weekends or at times during a business day other than the nine hour period provided above, subject to the ability of the Secure Facility or personnel associated with Dallas defense counsel to accommodate such a request.  The Receiving Party shall make its best efforts to restrict its requests for access to normal business hours. The Secure Facility and/or Dallas defense counsel's office shall be available for inspection and review of Source Code until the termination of this litigation.

(iii)     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or

drives of any kind, shall be permitted in the room housing the stand-alone computer(s) containing the Source Code.

(iv)     The reasonable expenses incurred in connection with making the Source Code of a Producing Party available at the Secure Facility shall be borne by each Producing Party utilizing the Secure Facility on a *pro rata* basis, except that any incremental expenses incurred in connection with the inspection and review of such Source Code by a Receiving Party (*e.g.*, expenses for monitoring, printing or other expenses directly relating to the inspection or review) shall be borne by the Receiving Party.

(v)     If a Producing Party makes its Source Code available for review at the offices of Dallas defense counsel, then the Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the Source Code on the stand-alone computer(s).

(c)     Viewing and Searching Tools.  The Producing Party shall install tools at the Secure Facility that are sufficient for viewing and searching the produced Source Code, if such tools exist and are presently used in the ordinary course of the Producing Party's business, or shall provide such tools to the Receiving Party if Source Code is produced in electronic form pursuant to Section 5(a).  The Receiving Party's Outside Counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed at the Secure Facility, provided, however, that such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code and are in compliance with all of the terms, conditions and protections herein.

(d)      <u>Printing Paper Copies of Source Code</u>.  The Receiving Party shall be allowed to print paper copies of Source Code inspected and reviewed pursuant to Section 5(b) above in accordance with the following provisions:

(i)      The Receiving Party shall only print those portions of the code reasonably necessary to case preparation activity.  The Receiving Party shall not print any continuous block of Source Code that results in more than 25 printed pages or more than 200 pages of Source Code in total.  The Receiving Party may request to print continuous blocks that exceed 25 pages, or Source Code exceeding 200 pages in total, which request the Producing Party shall not unreasonably deny.

(ii)      To the extent reasonably practicable, any pages of Source Code printed by the Receiving Party shall be Bates numbered and labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."  The Receiving Party shall use commercially reasonable efforts to provide one (1) copy set of such pages to the Producing Party within 24 hours of completion of each day of the inspection session and shall retain one (1) copy set.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(e)      <u>Identification of Persons Inspecting or Viewing Source Code</u>.  A Receiving Party seeking to inspect a Producing Party's Source Code shall identify in writing to the Producing Party the persons who will be conducting the inspection or will be present during the inspection no less than 24 hours in advance of any such inspection.  Such identification shall be in addition to any disclosure required pursuant to any other provision in this Protective Order.

(f)      <u>Copies of Printed Source Code Pages</u>.  The Receiving Party's Outside Counsel may make no more than two (2) paper copies of any page of the Source Code received from a

Producing Party following inspection under Section 5(b) above, not including copies attached to Court filings or used at depositions.  To the extent the Receiving Party seeks to make additional paper copies of a particular Producing Party's Source Code, the Parties shall meet and confer in good faith.  Electronic copies of Source Code may not be made without prior written consent of the Producing Party, except to the extent necessary to e-file a document with the Court.  In no event may copies of Source Code be scanned using optical character recognition ("OCR") or similar technology.

(g)    Notes.    The Receiving Party's Outside Counsel and retained experts or consultants shall be entitled to take notes relating to the Source Code. The Receiving Party's Outside Counsel and retained experts or consultants shall maintain any such notes in a secure location when the Source Code is not being reviewed by an authorized person.

(h)    Paper Copies of Source Code to be Secured.  The Receiving Party's Outside Counsel and retained experts or consultants must maintain any paper copies of and notes relating to the Source Code in a secure location in a manner that prevents duplication of or unauthorized access to the Source Code or notes when not in use, including, without limitation, storing the Source Code or notes in a locked room or cabinet at all times when it is not in use.  Any paper copies of such Source Code or notes related to such Source Code shall be designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." Notwithstanding the foregoing, attorneys and experts and consultants may make and retain copies of paper copies of the Source Code produced by the Producing Party for use as exhibits in court proceedings and at depositions.

(i)    Deposition Exhibits Containing Source Code.  The Parties shall not provide the court reporter with copies of Source Code that are marked as deposition exhibits and such

exhibits shall not be attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(j)      Quoting Source Code in Court Documents.   A Receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents (hereinafter a "Source Code Document").  To the extent portions of source code are quoted or otherwise disclosed in a Source Code Document, either (1) the entire document will be stamped "Confidential – Outside Attorneys' Eyes Only – Source Code" or (2) those pages containing quoted source code will be separately bound, and stamped as "Confidential – Outside Attorneys' Eyes Only – Source Code."  All Source Code Documents shall be filed under seal, according to the provisions of this Protective Order, such that Source Code is redacted in any publicly available document or filing. A Receiving Party shall make a good faith effort to quote the minimum amount of Source Code necessary in any such document.

(k)      Miscellaneous.

(i)      The Producing Party may not configure its Source Code in a manner that unreasonably impedes or slows the Receiving Party's ability to inspect the Source Code or allows the Producing Party to monitor the Receiving Party's inspection (*e.g.*, key logging, video capture, etc.).

(ii)      Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.

(iii)      All cumulative paper or electronic copies of Source Code shall be securely destroyed in a timely manner if they are no longer in use (*e.g.*, at the conclusion of a deposition).

(iv)     Access to and review of Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in this case.  No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any specific knowledge gained as a result of reviewing Source Code in this case in any other pending or future dispute, proceeding, patent prosecution, or litigation.

(v)     Any   Discovery   Material   designated   by   a   Producing   Party "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" which is not in the form of computer Source Code shall be produced to a Receiving Party in electronic format.  The Receiving Party's Outside Counsel and retained experts or consultants must maintain such Discovery Material in a secure location in a manner that prevents duplication of or unauthorized access to the Source Code or notes when not in use, including, without limitation, storing the Source Code or notes in a locked room or cabinet at all times when it is not in use.

(vi)     The Receiving Party shall comply with any applicable export controls under the laws of the United States and agrees not to knowingly export, re-export, or transfer Source Code of the Producing Party without first obtaining all required United States or any other applicable authorizations or licenses.

**6.     NOTICE OF DISCLOSURE**

(a)     <u>Notice of Proposed Disclosure to Expert or Consultant</u>.  Prior to disclosing any Protected Material to any retained expert or consultant, the Party proposing disclosure to such expert or consultant shall serve on all parties:  (i) an executed agreement to be bound by the terms of this protective order in the form attached hereto as Exhibit A; (ii) the present employer and title of the person; (iii) an up-to-date curriculum vitae of the person: (iv) an identification of

any work performed by that person for or on behalf of any Party within the four-year period before the filing of the this action.

(b)   <u>Objection to Proposed Disclosure</u>.   Within ten (10) days of receipt of this information, any Party may object to the proposed expert or consultant on any reasonable basis. Any such objection shall be served on all parties and:  (i) state in detail the basis for the objection; (ii) identify the categories of Protected Matter that the objection applies to; (iii) state how the objecting Party believes the disclosure may be harmful; and (iv) state why the objecting Party believes the protections already afforded under this Protective Order would be inadequate to prevent the anticipated harm such that objection is warranted.

(c)   <u>Resolution of Objection to Disclosure</u>.   If a Party objects to the proposed disclosure to an expert or consultant within the time and in the manner required, the objecting Party and the Party proposing disclosure shall meet and confer within five business days to resolve the objection.  If the objection is not resolved within this five day period, the objecting Party may move the Court for an order preventing disclosure of the information to the designated expert or consultant within five business days after the meet and confer, and the Party proposing disclosure shall not disclose such information to its designated expert or consultant until either the five business days lapse or, if the objecting Party makes a motion, until the Court rules on the motion.  The objecting Party bears the burden of proof to prevent disclosure to the expert or consultant.  The parties will not oppose any Party's request for expedited briefing regarding any disputed objection providing for no more than three days for a response brief, two days for a reply brief, and two days for a sur-reply brief.

(d)   <u>Objection to Continued Disclosure</u>.  A Party's failure to object to a disclosure of Protected Material to a retained expert or consultant shall not preclude any Party from later

objecting to continued access to such material by that expert or consultant, so long as the objection is made in a timely manner after acquiring knowledge of the facts providing the basis for the objection.  If a Party asserts an objection to continued access to Protected material by an expert or consultant, no further Protected Material shall be disclosed to the expert or consultant until the Court resolves the matter or the objecting Party withdraws its objection.  If an objection is made, the objecting Party and the Party proposing continued disclosure shall follow the procedure described above in section (c) for resolving such objections.

7. **PATENT PROSECUTION BAR**

(a)      Patent Prosecution Bar With Respect to Patent Prosecution Other Than Any Re-Examination of the Patents-in-suit.  Other than as set forth in section 7(b) below, any person who reviews or otherwise learns the contents of Protected Material produced by another Party may not participate, directly or indirectly, in the prosecution of any patent claims on behalf of any entity, whether party to this action or not (other than on behalf of the Party who produced the Protected Material at issue), that share identical or substantially similar descriptions as the Patents-in-suit from the time of receipt of such information through and including one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against the Party or Parties whose Protected Material was received or reviewed.  For purposes of this Protective Order, "prosecute" or "prosecution" shall mean the selection or identification of subject matter for patent claims to submit to the U.S. Patent and Trademark Office or any foreign patent office and/or the preparation or drafting of any such claims.

(b)      Patent Prosecution Bar with Respect to Any Re-Examination of the Patents-in-suit.  In the event any person files a request for re-examination of the Patents-in-suit, Plaintiff's outside counsel or any other person acting on behalf of Plaintiff who reviews or otherwise learns

the contents of Protected Material produced by another Party in this litigation (i) shall not prosecute the reexamination, (ii) shall not reveal directly or indirectly any Protected Material designated by any of the Defendants to any reexamination counsel, and (iii) shall not use any Protected Material designated by any of the Defendants for any purpose other than the litigation.

(c)  <u>No Imputation of Prosecution Bar</u>.  The prosecution bar described herein shall not be imputed to partners, associates, or other colleagues of a person subject to the prosecution bar who did not actually receive or review any Protected Material.

## 8.    USE OF PROTECTED MATERIAL

(a)  <u>Use of Protected Material in General</u>.  Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this litigation and Related Lawsuits, and shall be used only for purposes of litigating this case, and Related Lawsuits, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)  <u>Filing Protected Material with the Court</u>.  Any Receiving Party is authorized to file under seal with the Court in this case any material that is designated as Protected Material under this Protective Order.  Any Protected Material filed with the Court in this case shall be filed under seal in compliance with this Protective Order and any applicable local rules of the Court.

(c)  <u>Use of Protected Material in the Courtroom</u>. Any person may be shown and may be examined as a witness at a deposition, hearing or trial and may testify concerning all Protected Material which such person had knowledge of apart from the production of such material in this case.  Without in any way limiting the generality of the foregoing:

(i)   A present director, officer, and/or employee of a Producing Party may be shown and may be examined as a witness at a deposition, hearing or trial and may testify concerning all Protected Information which has been produced by that Party;

(ii)   A former director, officer, agent and/or employee of a Producing Party may be shown and may be examined as a witness at a deposition, hearing or trial and may testify concerning all Protected Material which that person reasonably likely had knowledge of apart from the production of such material in this case, including any Protected Material that refers to matters which the witness has personal knowledge of, which has been produced by that Party and which pertains to the period or periods of the person's employment; and

(iii)   Non-parties may be shown and may be examined as a witness at a deposition, hearing or trial and may testify concerning any document containing Protected Material of a Producing Party which appears on its face or from other documents or testimony to have been lawfully received from or communicated to the non-party.  Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Material under this Protective Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Protective Order to receive such information, then prior to the examination, the Producing Party shall request that the attorney provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Protective Order and maintain the confidentiality of Protected Material disclosed during the course of the examination. In the event that such attorney declines to sign such a signed statement prior to the examination, the parties,

by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

        (iv)    The Parties shall meet and confer to discuss procedures for maintaining the confidentiality of Protected Material used during the course of any pre-trial hearing or trial.

    (d)    <u>Court Reporters</u>.  Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Protected Material designated as such under this Order shall retain its protected status and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

### 9.    INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

    (a)    <u>Request for Return of Discovery Material</u>.  The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

    (b)    <u>Response to Request for Return of Discovery Material</u>. Upon a request from any Producing Party who believes it has inadvertently produced Discovery Material that is privileged and/or protected and/or otherwise not subject to discovery in this matter, each Receiving Party shall immediately return such Discovery Material (including all copies) to the Producing Party. Such return shall not be deemed an admission or concession regarding the claimed privilege. The Producing Party shall provide the Receiving Party with a privilege log of any such returned material that identifies the basis for it being withheld from production.

(c)    Ethical Obligations.  Nothing herein is intended to alter any attorney's obligation to abide by any applicable rules of professional responsibility relating to the inadvertent disclosure of privileged information.

**10.    INADVERTENT FAILURE TO DESIGNATE OR REDESIGNATION OF DISCOVERY MATERIAL**

(a)    Designation After Production.    A Producing Party's failure to designate Discovery Material as Protected Material with one of the designations provided for under this Protective Order shall not waive the Party's right to make any such designation at a subsequent time, provided that the Producing Party notifies all Receiving Parties that such Discovery Material should be protected under one of the confidentiality categories of this Protective Order promptly after the Producing Party learns of the inadvertent failure to so designate.

(b)    Consequences of Designation After Production.  A Receiving Party shall not be in breach of this Protective Order for any use of such Discovery Material that was permitted by this Protective Order at the time before the Receiving Party receives notice of the inadvertent failure to designate or redesignation.  Once a Receiving Party has received notice of the inadvertent failure to designate or a redesignation of Discovery Material pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Protective Order.  Any person who was in possession of Discovery Material permitted by this Protective Order at the time before the Receiving Party receives notice of the inadvertent failure to designate or redesignation but is not allowed access to such Discovery Material after such notice promptly shall return such Discovery Material to counsel for the Receiving Party.  If Discovery Material is designated or redesignated with a different confidentiality designation subsequent to production, the Receiving Party promptly shall make every reasonable effort to re-label such material with the appropriate confidentiality designation.

## 11.     INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

(a)     <u>Notice of Unauthorized Disclosure and Corrective Action</u>.  In the event of a disclosure of any Discovery Material to any person not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)     <u>Protected Status of Material After Unauthorized Disclosure</u>. Unauthorized disclosure of Protected Material does not change the protected status of such material Discovery Material or waive the right to maintain the disclosed document or information as Protected Material.

## 12.     SUBPOENAS OR COURT ORDERS

(a)     <u>Notice and Opportunity to Seek Relief</u>.  If any Party is served with any subpoena or other request for the production of Protected Material produced by another Party in connection with any proceeding before any court or other judicial, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to each Producing Party who has produced such Protected Material (directly or through the Producing Party's Outside Counsel), and shall provide each Producing Party with an opportunity to move for a protective order regarding the request for the production of Protected Materials.  If a Producing Party does not take steps to prevent disclosure of such documents

within fourteen (14) days of the date written notice is given, the Party to whom the subpoena or other request is directed may produce such documents in response thereto.  The Party to whom the subpoena or other request is directed also may produce such documents as required to comply with any legal duty or obligation imposed by the court or other judicial, arbitral, administrative, or legislative body.

### 13.    TERMINATION OF LITIGATION

(a)    <u>Continuing Obligations of Protective Order</u>.  After termination of this litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.

(b)    <u>Jurisdiction</u>.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Material for enforcement of the provisions of this Protective Order following termination of this litigation.

(c)    <u>Destruction or Return of Protected Material</u>.  Within sixty (60) calendar days after termination of this litigation with respect to a Producing Party, whether such termination arises from dismissal with respect to the Producing Party, judgment against the Producing Party (including exhaustion of all appeals or settlement), or otherwise, any Receiving Party that has received Protected Material from the terminated Producing Party shall destroy or return the same to the Producing Party.  If the Protected Material is destroyed, the Receiving Party shall promptly notify the Producing Party of such destruction in writing.

(d)    <u>Retention of Protected Material</u>.  Notwithstanding the provisions of Paragraph 13(c) above, Outside Counsel for a Receiving Party may retain a copy of any pleading, transcript (for each deposition, hearing, and trial), discovery responses, and any exhibits thereto, and attorney work product, regardless of whether it includes or details Protected Material, except that

a Receiving Party's Outside Counsel shall not retain Protected Material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" or documents or things not filed with the Court discussing or describing Protected Material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." Any Protected Material retained by Outside Counsel pursuant to this provision shall remain subject to this Order.

### 14.    NO WAIVER

Other than as specified herein, neither the enforcement nor the failure to enforce the provisions of this Protective Order, including the failure to object to any designation of Discovery Material, shall constitute a waiver of any right to seek and obtain protection or relief in this action or any other action, including, but not limited to, the right to claim that any information is or is not proprietary, is or is not entitled to protection under this Protective Order, or does or does not embody a trade secret.  The entry of this Protective Order shall not be deemed a waiver of a Party to object to any discovery request on any basis allowed pursuant to the Federal Rules of Civil Procedure or the Court's Local Rules.

### 15.    NO USE TO PROVE SUBSTANTIVE FACT

The entry of this Protective Order shall not be deemed to abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Confidential Information.   The fact that information is designated "CONFIDENTIAL" "CONFIDENTIAL – ATTORNEYS' EYES ONLY"; or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary and shall

not be used against the Party making the designation for any purpose other than as permitted by this Protective Order.

### 16.   MISCELLANEOUS

(a)   <u>Bates Numbering of Documents</u>.   All documents and things produced by any Producing Party shall be numbered using a prefix bearing the Producing Party's name or an abbreviation thereof; such as an acronym or the first three letters of its name so long as the abbreviation differs from all other names/abbreviations.   The prefix should be used on a consistent basis and in a manner that makes clear the identity of the Producing Party.

(b)   <u>Right to Further Relief</u>.   Nothing in this Order abridges the right of any person to seek modification of this Protective Order by the Court in the future, to seek access to a Producing Party's Protected Material, or to apply to the Court at any time for additional protection.   By stipulating to this Protective Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.   Furthermore, without application to this Court, any Party may enter into a written agreement releasing another Party from one or more requirements of this Protective Order as to Protected Material produced by the releasing Producing Party, even if the conduct subject to the release would otherwise violate the terms herein.

(c)   <u>Successors</u>.   This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)   <u>Copyrights</u>.   Documents or other things produced in this litigation, regardless of their designation, are subject to any applicable copyrights held by the Producing Party.

(e)     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.  The Parties' agreement to this Protective Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(f)     <u>Burdens of Proof</u>.  Nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(g)     <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice, or upon motion of a Party for good cause shown.

**SO ORDERED.**

        **SIGNED this 20th day of January, 2012.**


                                        _____
                                        DAVID FOLSOM
                                        UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| EDWARD D. IOLI TRUST AND | § | |
| GENERAL TRAFFIC CONTROLS, INC., | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 2:10-cv-00605-DF |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| AVIGILON CORPORATION, et al. | § | |
| | § | |
| *Defendants*. | § | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I acknowledge that I may receive Protected Information as defined in the Protective Order agreed to by the parties and so ordered by the Court in this case.  I certify that I have read the Protective Order for the above-styled case.  I fully understand the terms of the Order.  I acknowledge that I am bound by the terms of the Order, and I agree to comply with those terms. I understand that neither I nor anyone assisting me can use or rely on any Protected Information disclosed to me for any purpose not authorized under the Protective Order. I consent to the personal jurisdiction and venue of the United States District Court, Eastern District of Texas, for any proceedings involving the enforcement of the Order.

_____
(Signature)

_____
(Name)

_____
(Affiliation

32