IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EDWARD D. IOLI TRUST, *et al.*, | § § § | |
| *Plaintiff*, | § § | |
| v. | § | CASE NO. 2:10-CV-00605-JRG |
| AVIGILON CORPORATION, *et al.*, | § § § | |
| *Defendants*. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Vigilant Video, Inc.'s Motion for Sumary Judgment (Dkt. No. 268), filed October 30, 2012. Having considered the briefing of the parties, the Court is of the opinion that Defendant's Motion should be and hereby is **DENIED**, for the reasons set forth below.

### I. FACTUAL BACKGROUND

Plaintiffs filed suit for patent infringement against a large number of defendants on December 30, 2010. On May 14, 2012, Plaintiffs and Defendant Digital Recognition Network ("DRN") executed a settlement agreement which Defendant Vigilant Video, Inc. ("Vigilant") claims releases them from liability in this suit.

The settlement agreement provides in part that

> Plaintiffs hereby release Defendant *and each of their Affiliates* . . . from any and all liabilities, damages, costs, expenses . . . known or unknown, suspected or unsuspected . . . arising prior or subsequent to the Effective Date of the Agreement that Plaintiffs have or may have asserted relating to infringement of any Licensed Patent . . . .

> Plaintiffs grant to Defendant *and its respective Affiliates* a non-exclusive, worldwide, fully paid-up, irrevocable license in, to and under the Licensed Patents to make, have made, us, have used, sell, have sold, offer for sale, have offered for sale, lease, have leased, import, or have imported any product, or to practice any method, within the scope of any claim of the Licensed Patents . . . .
>
> . . . .
>
> Plaintiffs covenant that they will refrain from commencing, instituting or prosecuting any lawsuit, action, proceeding, claim, investigation, or demand of any kind or character against Defendant *or each of its Affiliates*, related to the infringement of the Licensed Patents . . . .

Dkt. No. 230-2, at 2-3 (emphasis added). An "Affiliate" is specifically defined in the Agreement as

> any former, current, or future parent, subsidiary, predecessor-in-interest, or successor-in-interest, and any other corporation, company, joint venture, partnership, firm or other entity formerly, currently or in the future controlled by, controlling, or under common control with a Party, directly or indirectly through one or more intermediaries, where control means direct or indirect ownership or control (whether through contract or otherwise) of more than fifty percent (50%) of the stock or shares entitled to vote . . . .

*Id.* at 1-2. It is undisputed that, at least as of the time of the effective date of the Agreement, Vigilant met the Agreement's definition of an Affiliate of DRN.

Additionally, another relevant provision of the contract reads as follows:

> <u>Other Defendants in the Ligitagion.</u> Except as specifically set forth herein, this Agreement shall not affect Plaintiffs' ability or right to pursue claims against other defendants in the Litigation. The Parties specifically acknowledge that the consideration paid herein is not intended to compensate Plaintiffs for any claims asserted by Plaintiffs against those other defendants.

*Id.* at 4.

Finally, the Agreement contains certain provisions governing its construction in Article IX, Paragraph 11, which provides in part that "the language of this Agreement has been approved by counsel . . . and shall be construed as a whole according to its fair meaning." *Id.* at 11.

2

## II. LEGAL STANDARDS

Summary judgment is proper if the pleadings and evidence show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-55 (1986). A "genuine issue" is an issue that "can be resolved only by a finder of fact because . . . [it] . . . may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 248. When the summary judgment movants demonstrate the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial. *Celotex*, 477 U.S. at 323-24. The Court must draw all reasonable inferences in favor of the non-moving party. *Monarch Knitting Machinery Corp. v. Sulzer Morat GmbH*, 139 F.3d 877, 880 (Fed. Cir. 1998).

"In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument." *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). Courts must "examine and consider *the entire writing* in an effort to harmonize and give effect to *all the provisions* of the contract so that none will be rendered meaningless." *Id.* at 393-94. Where there is no ambiguity in a contract, the construction of the written instrument is a question of law. *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex. 1968). "In the usual case, the instrument alone will be deemed to express the intention of the parties for it is objective, not subjective, intent that controls. *Id.*

## III. ANALYSIS

The parties agree that Vigilant is, under the terms of the Agreement, an Affiliate of DRN, and that, if Vigilant were not itself a defendant in this litigation, it would be released from liability for patent infringement. The dispute centers on the interpretation of the "Other

3

Defendants" clause of the Agreement. Defendants contend, essentially, that the "except as specifically set forth herein" language subordinates the parties' covenants regarding other defendants to the explicit provisions for affiliation and release of affiliates contained in the rest of the contract. Plaintiffs contend that the exception language can only be satisfied by "specific" mention of other defendants, and that the affiliation language of the contract is too general to qualify, especially in light of Vigilant being a named defendant in his case.

Two readings of the "Other Defendants" clause are asserted by the parties. Vigilant's reading has the clause essentially reading "except as set forth in this contract, the terms of this contract shall not apply." Such a construction makes the "except" clause so broad as to render all that follows redundant, and essentially deprives it of meaning. The Plaintiffs' reading of the "except" clause—which usually subordinates what follows to the earlier stated conditions of the exception—is essentially read as controlling rather than subordinating the contract's other terms.

The Plaintiffs' position better captures the objective intent expressed by the language of the Agreement. Though it is hardly a model of clarity, the "Other Defendants" clause of the Agreement is obviously intended to preserve the status quo with respect to all then-existing defendants other than DRN. The word "specifically" in the phrase "except as *specifically* set forth herein" is intended to ensure that only language within the contract that *clearly* identifies and relates to other defendants may alter the litigation status quo, rather than language that applies to the parties generally. With Vigilant then being a named and active defendant in this case, it strains reason to ignore the Agreement's failure to identify Vigilant by name. To conclude that the true meeting of the minds between Plaintiffs and DRN encompassed a full license and release for Vigilant without specifying them by name is a bridge too far for this Court to cross. It is noteworthy that the suggested Order of Dismissal tendered by Plaintiffs and

DRN to this Court as Part 4 of their settlement, does not include Vigilant, even though Vigilant was then, and remains, a named party in this action.

Though inartfully executed, the "Other Defendants" clause offers DRN a broad license and release extending to all affiliates, past, present and future, *except* any affiliates who were involved in litigation with Plaintiffs at the time of the Agreement's execution. The Agreement's charge to all who would be tasked with its later construction to do so "as a whole according to its fair meaning" leads this Court when reading the entirety of the Agreement to conclude, from the four corners thereof, that this Agreement does not license or release Vigilant and that Vigilant remains an active party defendant before this Court.

### IV. CONCLUSION

In accordance with the reasons set forth above, Defendant's Motion for Summary Judgment (Dkt. No. 268) is hereby **DENIED**.

**So ORDERED and SIGNED this 22nd day of April, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE